Irwin Thomases, Frank Beshara, R. Stewart Scott and Walter A. Scott, Jr., d/b/a Center Associates and Catholic Institute of Pittsburgh, Pa. *v.* The Zoning Hearing Board of The Borough of Monroeville. Borough of Monroeville, Appellant.

Argued October 27, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John D. Finnegan,* with him *Martin and Finnegan,* for appellant.

*David W. Craig,* with him *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig,* for appellees.

OPINION BY JUDGE MENCER, December 18, 1975:

This zoning case concerns an appeal by the Borough of Monroeville (Borough) from an order of the Court of Common Pleas of Allegheny County. The trial court, after taking additional evidence, granted appellants below, doing business as Center Associates (Center), a conditional use permit for the excavation of their land in order to construct a shopping center. Both the Borough and the Zoning Hearing Board of the Borough of Monroeville (Board) had denied the permit previously. The trial court also removed, as arbitrary and unreasonable, certain conditions from the use permit. The Borough contends that both the grant of the permit and removal of the conditions constitute an abuse of discretion by the court below. We do not agree.

All parties acknowledge that a shopping center is a permitted use in the C-2 zoning district where Center's land is located.[1] The crux of this dispute concerns the extensive grading, excavation and landfill operations which will be necessary to accomplish Center's development objectives. The Borough requires that all excavation in excess of 16,000 cubic yards be approved as a conditional use.[2]

---

1. There is no evidence in this record to show whether a shopping center is a *conditional use* in a C-2 district.

2. Since it was not raised below, we do not consider the question of whether excavation and landfill operations incident to the

The section of the ordinance controlling conditional uses (Section 1501) requires, in the case of major excavation, that:

"a. Evidence shall be submitted as to control of the operation in such a manner as to offer reasonable protection to the neighborhood against possible detrimental effects, taking into consideration the physical relationship to surrounding properties, and access to the site, including any nearby residential streets that must be traversed in conveying material to or from the site." (Section 1501.9)

The Borough contends that Center has not met its burden of proof as to the "reasonable protection of the neighborhood against possible detrimental effects."

The court below had the benefit of transcripts of hearings before the Board, arguments of counsel and additional testimony by expert witnesses from both sides. Our scope of review, where the court below has taken additional evidence, is to decide whether the court has abused its discretion or made an error of law. *Swift v. Zoning Hearing Board of Abington Township*, 16 Pa. Commonwealth Ct. 356, 328 A.2d 901 (1974). A reviewing court will not substitute its findings for those of the lower court where competent credible evidence supports the lower court's decision. *McKay v. Board of Adjustment*, 8 Pa. Commonwealth Ct. 29, 300 A.2d 810 (1973).

In this case there was conflicting testimony by expert witnesses as to the character of the land and the possibility of landslides and other detrimental effects. The court below chose to accept the testimony of Center's expert, Milan Spanovich, who testified with regard to core borings, soil evaluations and other engineering data. The court concluded, based on that testimony, that:

"There is little evidence of a present threat of landslide or drainage problems resulting from Ap-

---

construction of a permitted use are themselves properly classified as "conditional uses."

pellants' [here Center's] excavation. In sum, based on geology and topography and the proposed development plans, the area is stable, exceptionally suitable for development and can be developed with little, if any, deleterious threat to the public welfare."

The trial court's finding that Center had met its burden of proof on this point is supported by competent credible evidence; therefore, there is no abuse of discretion.

The Borough also objects to the striking of certain conditions imposed on Center's excavation. The record is somewhat confused on this matter, but it appears that these conditions, numbered 7, 8, 11, 12 and 16,[3] were originally part of the Planning Commission's non-binding recommendations to the Borough Council regarding

---

3. The disputed conditions read as follows:

"7. This approval is subject to the improvement of access stacking lanes on Old William Penn Highway and the installation of traffic signal at the Beatty Road entrance for the purpose of providing adequate traffic control to provide safe and orderly movement to and from the proposed facility and for through traffic in the neighborhood.

"8. No construction or site development shall occur prior to formal notification from the Pennsylvania Department of Transportation that a signal is warranted at the proposed intersection and subject to the posting of proper guarantees as required by the Borough Solicitor to insure that the cost of highway and signal improvements will be covered by the applicant. If traffic signal is not approved, the approval is null and void and revised plans must be submitted for re-consideration.

. . . .

"11. All site construction shall be completed by October, 1975.

"12. No occupancy permit shall be issued and there shall be no use of the property prior to the installation of traffic signal facilities at Beatty Road and the completion of road improvements.

. . . .

"16. Prior to the issuance of local permits to commence construction, certification of approval by the E.P.A. Administrator relative to the Pittsburgh Control Plan as indicated in the Federal Register of November 28, 1973, shall be submitted to the municipal Planning Department."

Center's site plan. However, these conditions somehow became engrafted onto the conditional use which was for *excavation alone*. This conditional use was the only matter before the lower court. We agree with the lower court that these conditions concern the construction of the entire project and have no relationship *to the excavation per se*. Therefore they are arbitrary and unreasonable within the limited context of the so-called conditional use.[4]

Order affirmed.

---

4. We express no opinion on the suitability of these conditions to the actual *development plan*. The record reveals offers of voluntary compliance with some of these conditions by the developer. We in no way seek to undermine those agreements.