In Re: Appeal of Sugarloaf Sanitary Landfill, Inc. from decision of Sugarloaf Township Supervisors regarding Curative Amendment to Section 562 of Sugarloaf Zoning Ordinance. Gordon Armitage and Jeanette Armitage, his wife et al., Appellants.

Argued September 27, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Blatt, DiSalle and Craig. Judges Rogers and MacPhail did not participate.

412

*James F. Geddes, Jr.,* for appellants.

*Edmund J. McCullough,* for appellee.

PER CURIAM OPINION, December 26, 1978:

This is an appeal by several property owners in Sugarloaf Township (Appellants)[1] from the order of the Court of Common Pleas of Luzerne County, dated December 8, 1977, requiring that Section 562 of the Zoning Ordinance of Sugarloaf Township (Ordinance), Luzerne County, Pennsylvania (May 22, 1975), be amended by the curative amendment proposed by Sugarloaf Sanitary Landfill, Inc. (Sugarloaf), and that Sugarloaf's premises be rezoned as MD-Mining District. Sugarloaf's petition for a curative amendment, filed pursuant to Section 1004(1)(b) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004(1)(b), had been denied by the Sugarloaf Township Board of Supervisors (Board).

Sugarloaf has operated a sanitary landfill on approximately 160 acres of land in Sugarloaf Township since 1967. This property is zoned I-1 General Industrial District. In 1976, after a considerable amount of coal was discovered under some of its recently ac-

---

[1] Appellants were permitted to intervene in the action before the lower court by its order dated October 31, 1977.

quired acreage, Sugarloaf filed its petition with the Board to amend Section 562 of the Ordinance by adding paragraph 13 thereto, as follows:

> 13. Mining, subject to all state and federal laws, rules and regulations and such additional reasonable rules, regulations and requirements as the Zoning Hearing Board may determine.

Section 562 enumerates those uses permitted by special exception in the I-1 General Industrial District and a sanitary landfill is one such use. Paragraph 13, therefore, would also permit mining in that district, a use which Appellants admit is not provided for in the Ordinance, as one permitted by special exception. Faced with the constitutional problem created by the clear absence of mining as a permitted use in Sugarloaf Township, Appellants argue before this Court, as they did before the court below, that mining is a nuisance, that it will adversely affect the health, safety, morals, and welfare of the Township and its residents, and, therefore, that it may be totally excluded throughout the Township. The lower court determined otherwise and concluded that the curative amendment is necessary for the reasonable use of the subject land, that its denial would work an undue hardship, and that its grant would not be materially detrimental to the public welfare or injurious to the property or improvements in the vicinity.

Our scope of review in cases such as this, where the court below has taken additional evidence, is to decide whether the court has abused its discretion or made an error of law. *Thomas v. Zoning Hearing Board of the Borough of Monroeville,* 22 Pa. Commonwealth Ct. 399, 349 A.2d 518 (1975); *Swift v. Zoning Hearing Board of Abington Township,* 16 Pa. Commonwealth Ct. 356, 328 A.2d 901 (1974). Since the court below had the benefit of the transcript of the

hearing before the Board, heard arguments of counsel, and took additional testimony from both sides, we will not substitute our findings for those of the court where competent credible evidence supports its decision. *McKay v. Board of Adjustment,* 8 Pa. Commonwealth Ct. 29, 300 A.2d 810 (1973).

Appellants, relying on *Appeal of Green & White Copter, Inc.,* 25 Pa. Commonwealth Ct. 445, 360 A.2d 283 (1976), contend that mining is a type of business activity which has particularly objectionable qualities or represents undesirable land use, and is, therefore, subject to total prohibition. We disagree. We held in *Green & White Copter* that the ordinance retained its presumption of validity because the prohibition of heliports clearly related to the police power authority of the township. In the present case, however, the presumption of validity of this ordinance was not retained since the total prohibition of mining in Sugarloaf Township does not appear prima facie to be designed to protect those public interests which zoning statutes permit municipalities to protect. *See Beaver Gasoline Co. v. Osborne Borough,* 445 Pa. 571, 285 A.2d 501 (1971). Consequently, the municipality was required to justify the exclusion by presenting evidence which would establish that the prohibition bears a relationship to public health, safety, welfare, and morals. *Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975).

The lower court determined that this burden of proof had not been met. It reasoned that mining was not injurious to public health, safety, welfare, and morals since:

[t]he land in question is presently legally used as a landfill. As a result of this use, trucks traverse upon the adjoining roadways into the

landfill to remove their loads and then to return on said roads. There is digging of landfill sites and then the necessary covering up of same, not unlike the requirements and provisions of mining coal.

The affected residents who are party-intervenors are concerned with the possibility of blasting which may in turn do damage to the water table and the wall casings of their wells. It was pointed out at the hearing that there may be none or very little dynamiting, and, if so, only when absolutely necessary and as is required, only under supervision of the proper agencies.

Our careful review of the record establishes that competent credible evidence was presented which would support the lower court's decision. Furthermore, mining activities are closely regulated by the Department of Labor & Industry and the Department of Environmental Resources. Even if a possibility exists that Sugarloaf's proposed activity may have some detrimental effects, this does not justify a total exclusion of all mining facilities.[2] *General Battery Corp. v. Zoning Hearing Board of Alsace Township*, 29 Pa. Commonwealth Ct. 498, 371 A.2d 1030 (1977). Since the lower court did not commit an error of law or an abuse of discretion, we affirm that part of the order requiring Sugarloaf Township to adopt the proposed curative amendment.

As to that part of the order requiring a rezoning of Sugarloaf's premises to MD-Mining District, however, we must reverse. Sugarloaf's petition requested a curative amendment pursuant to Section 1004 of the MPC. A rezoning of its premises was not requested.

---

[2] We would be hard pressed to find that, in Pennsylvania, mining is not a legitimate business activity.

416

The procedure is governed by Section 609.1 of the MPC, 53 P.S. §10609.1. In neither section can we find support for the proposition that a court may *sua sponte* fashion its own remedy upon an application for a curative amendment. The lower court was, therefore, in error in doing so in this case.

PER CURIAM ORDER

AND Now, this 26th day of December, 1978, that part of the order of the Court of Common Pleas of Luzerne County, dated December 8, 1977, granting the petition for a curative amendment filed by Sugarloaf Sanitary Landfill, Inc., is affirmed; that part of the order requiring a rezoning of the subject property to MD-Mining District is reversed.