If defendant had desired to prove the accuracy and truth of its statements and contentions it should have done so by the production of its financial records—which the letter in question admits are in its possession—and by the testimony of its officers and employees. Defendant was given every opportunity to offer competent testimony and evidence to prove the truth of the matters stated in its letter. No complaint is made that it was prevented from or unable to offer such evidence.

While an Arbitrator or a Board of Arbitrators is not bound by the rules of evidence, the rejection of this letter by the Board was not an "error of law" within the meaning of §11 of the Act of 1927, supra, but even if so considered it was not such a prejudicial error as to justify setting aside or reopening the award, or resubmitting the matter to the arbitrators. To allow the loser in an arbitration award to raise questions such as the one presented by the instant case would virtually nullify the salutary reasons for and the purpose of arbitration and would effectually destroy the desirability and the efficacy of arbitration.

Order of the lower Court reversed and record remanded with directions to enter an Order in conformity with the prayer of plaintiff's Petition.

## Merry v. Zoning Board of Adjustment (et al., Appellant).

394

Argued January 16, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*W. Wilson White*, with him *Joseph Sharfsin*, and *White and Williams*, for appellant.

*Raymond J. Broderick*, for appellees.

OPINION PER CURIAM, March 13, 1962:
Order affirmed on opinion of Judge WATERS, 26 Pa. D. & C. 2d 280.