Joseph H. Swift, et al., Appellants, *v.* Zoning Hearing Board of Abington Township, Appellee, and Crestmont Half-Way House, Intervening Appellee.

Argued October 8, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Clarke F. Hess,* with him *Butera & Detwiler,* for appellants.

*Daniel B. Michie, Jr.,* for appellee.

*Lowell A. Reed, Jr.,* with him *Rawle & Henderson,* for intervenor.

OPINION BY JUDGE BLATT, November 27, 1974:

This is an appeal by Joseph H. Swift and other neighborhood residents (appellants) from an order of the Court of Common Pleas of Montgomery County. That court, after taking additional evidence in an appeal from a ruling the Zoning Hearing Board of Abington Township (Board), sustained the conclusion of the Board that the use of property by the Crestmont Half-Way House, here an intervenor, was a "community center or similar use" as permitted by the Township zoning ordinance.

Our review in a zoning appeal where the lower court took additional evidence is to determine whether the lower court committed an error of law or abused its discretion. *Camp Hill Development Co., Inc. v. Zoning Board of Adjustment,* 13 Pa. Commonwealth Ct. 519, 319 A. 2d 197 (1974). This case is, for the most part, one involving a question of law: Is the Crestmont Half-Way House being used as a community center or for a similar use as permitted within the scope of the Abington Township Zoning Code?

The building in question is a two-story house, the first floor of which is occupied by the intervenor and used as the Crestmont Half-Way House. The second floor is a single family apartment unit and its use is not challenged. The Crestmont Half-Way House is a non-profit association formed to combat drug abuse through the education of non-addicts and parents, through the counseling of addicts and former addicts, and through referring persons seeking additional help to outside legal, medical, and counseling services. The association seeks to structure the idle time of persons it serves by providing employment and recreational referrals. Its facilities consist of offices, counseling

rooms, and a conference room for group sessions. It is open from noon to 11:00 p.m. daily and is staffed by adults and youths, including former addicts, recovering addicts, and non-addicts. The neighborhood surrounding the subject property includes predominantly residential homes, with interspersed apartment units and small retail stores. The property itself falls within a district zoned F-1 Commercial. Section 1101 of which applies to this property, and provides that: "A building . . . may be erected or used . . . for any of the following purposes and no other:

. . .

"(8) Township administrative building, public library, community center, fire or police station, post office, public parking lot, or any similar use."

Neither the term "community center" nor the phrase "similar use" is defined in the ordinance, and without such limiting definitions the permissive nature of these phrases must be taken in their broadest sense. *Lower Providence Township v. Ford,* 3 Pa. Common-Ct. 380, 283 A. 2d 731 (1971). To be a valid use within the scope of the ordinance, therefore, it was not necessary that the Crestmont Half-Way House be a "community center" per se. Rather, it was only necessary that it be a similar use or a use similar to any of the others designated by the ordinance, such as a fire station, a public library, or even a parking lot. All of the permitted uses provide the community with a service whether it be for purposes of education and recreation, or for other purposes of public safety and convenience.

The lower court concluded and we agree that the association's "function in educating young people and their parents to the dangers of drug use and abuse, in counseling and advising drug users and former addicts, and in referring such people to outside sources of medical, legal and spiritual aid and to employment

and recreation opportunities are activities which certainly are included within the broad meaning of the term 'community center or similar use.' " We see no abuse of discretion by the lower court in arriving at such a conclusion. Nor do we think that the lower court committed an error of law in so finding. In recent years the widespread use and abuse of drugs and the many attendant social problems of such use and abuse have become generally known, and the Crestmont Half-Way House reaches into the community to educate the public and to alleviate some of the difficulties encountered. In addition to individual client counseling, it enlightens the community as to such drug related problems as job location, runaway children, and unwanted pregnancy. Considering the potential impact of these activities, we have little doubt that the Crestmont Half-Way House will serve the community and function within the broad scope of uses contemplated by Section 1101 (e) of the zoning ordinance of Abington Township.

We are not persuaded by the appellants' position that the facility loses its character as a community center merely because some of the individuals served by it may reside outside the limits of the Township. A parking lot may also serve those from outside the community but its importance to the immediate locality would remain unquestioned. Similarly, the Crestmont Half-Way House can serve the community by meeting the needs of its visitors as well as of its own residents.

Nor are we persuaded that this facility is similar to a hospital, medical or health center which the ordinance permits only as a special exception. Moreover, this case is clearly different from that cited by the appellants in which a narcotic rehabilitation and treatment center was found to be a hospital within the terms of a similar zoning ordinance. *Scerbo v. Board of Adjustment of the City of Orange,* 121 N.J. Super. 378, 297 A. 2d

207 (1972). In that case the questioned facility was designed for residential and outpatient diagnosis, care, treatment, and rehabilitation of persons suffering from the use or abuse of narcotics. The record here, however, does not support the notion that the Crestmont Half-Way House conducts any similar activities.

The decision of the lower court, therefore, is affirmed and the finding of the Zoning Hearing Board of Abington Township that the Crestmont Half-Way House is a "community center or similar use" is sustained.