Citizens For a Clean Environment, By Its Trustee Ad Litem, Stanley Wojtowicz *v.* The Zoning Hearing Board of Hanover Township *v.* Allan J. Allan. Allan J. Allan, Appellant.

Argued October 9, 1975, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Sherill T. Moyer,* with him *Gerald K. Morrison, Frank A. Sinon, Rhoads, Sinon & Reader,* and, of counsel, *Charles P. Gelso,* for appellant.

*Jerome L. Cohen,* for appellee.

OPINION BY JUDGE BLATT, January 15, 1976:

On February 20, 1974, Allan J. Allan applied to the Zoning Office of Hanover Township for a permit to erect a scrap metal processing plant within an S-1 zoning district of the township. Junk yards are permitted as special uses within S-1 districts but the ordinance does not indicate whether or not scrap metal processing facilities constitute junk yards or are separate uses. The Zoning Hearing Board of Hanover Township (Board) held a hearing on the application on March 14, 1974 at which numerous citizens and landowners appeared in opposition, including Stanley Wojtowicz. The Board, however, concluded that Allan's scrap metal processing plant was included within the concept of junk yard and granted his application on April 18, 1974. Some time after the hearing of March 14, 1974, Stanley Wojtowicz and other persons who opposed Allan's application, some of whom attended the hearing while others did not formed an association called Citizens For A Clean Environment (Citizens), for the purpose of appealing the Board's decision. Citizens by its trustee, Stanley Wojtowicz, then did appeal the Board's decision to the Court of Common Pleas of Luzerne County where Allan intervened and filed a motion to quash. After taking additional evidence that court denied Allan's motion and reversed the decision of the Board. Allan, therefore, was denied permits to erect his scrap metal processing plant, and he has now appealed to this Court.

In a zoning case where the court below took additional evidence, our scope of review is to determine whether or not the lower court abused its discretion or committed an error of law. *Swift v. Zoning Hearing Board of Abington Township*, 16 Pa. Commonwealth Ct. 356, 328 A.2d 901 (1974).

At the outset we must consider Allan's contention that the court below erred in failing to quash the appeal of Citizens from the Board decision to that court. It is well

established under the Pennsylvania Municipalities Planning Code[1] (MPC) that appeals to court from the decision of the zoning hearing board may be taken by any party aggrieved. Section 1007 of the MPC, 53 P. S. §11007. Section 908(3) of the MPC, 53 P. S. §10908(3) defines a party:

> "The parties to the hearing shall be the municipality, any person affected by the application who has made timely appearance of record before the board, *and any other person including civic or community organizations permitted to appear by the board.* The board shall have the power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the Board for that purpose." (Emphasis added.)

The record here indicates and the lower court found that Citizens was not a party before the Board, that its name had not been mentioned at the hearings and that it had not been formed until after the hearings when it was organized for the specific purpose of taking the appeal. It is clear, therefore, that Citizens had no standing to appeal the Board's decision. *Northampton Residents Association v. Northampton Township Board of Supervisors,* 14 Pa. Commonwealth Ct. 515, 322 A.2d 787 (1974).

It may be true, of course, that certain members of Citizens appeared before the Board. Such appearances, however, would not enable the organization to appeal an adverse decision in its own name. *Cf. Northampton, supra.* Moreover, the fact that Allan petitioned the lower court to require Citizens to post bond in their zoning appeal pursuant to Section 1008(4) of the MPC, 53 P. S. §11008(4), did not amount to a waiver of his right to challenge its standing, as the lower court held. *See generally Nesbitt v. Erie Coach Company,* 416 Pa. 89, 204

---

1. Act of July 31, 1968, P. L. 805, *as amended,* 53 P. S. §10101 et seq.

A.2d 473 (1964). Clearly, therefore, the court below erred in not granting Allan's motion to quash Citizen's appeal.

In all fairness, however, it is recognized that many of the individual members of Citizens would have had standing to appeal from the Board's adjudication had they done so on their own. Appearing as a mere witness, of course, is not the participation necessary to establish a right to appeal, *Dethlefson Appeal,* 434 Pa. 431, 254 A.2d 6 (1969), but a review of the record compiled before the Board in this case suggests that some of these individuals participated in the Board proceeding on a level more extensive than as mere witnesses. Some consideration of the merits of this case seems, therefore, to be warranted, but it also leads us to the conclusion that the adjudication of the Board should be reinstated.

The township ordinance provides as follows:

> "*Junk Yards, Including Automobile Wrecking.* New junk yards shall be permitted within the Township limits only in S-1 districts." Article 6.970 of the Hanover Township Zoning Ordinance

S-1 districts allow for Special Uses (special exceptions) and permit such uses only upon prior authorization by the Board. *See Archbishop O'Hara's Appeal,* 389 Pa. 35, 131 A.2d 587 (1957). The lower court here concluded that Allan's proposed scrap metal processing plant was not a junk yard within the meaning of the Township ordinance and therefore was not permitted in the S-1 district selected by Allan. The term "junk yard," however, is not defined in the ordinance and, therefore, the permissive nature of the term must be taken in its broadest sense. *Swift v. Zoning Hearing Board of Abington Township,* 16 Pa. Commonwealth Ct. 356, 328 A.2d 901 (1974); *Lower Providence Township v. Ford,* 3 Pa. Commonwealth Ct. 380, 283 A.2d 731 (1971). At the hearing before the Board, the protestants constantly referred to Allan's proposed plant as a junk yard whereas Allan at-

tempted to distinguish the plant as something distinctly different from a junk yard. Then on appeal to the court below, these roles were reversed and Allan characterized the plant as a junk yard while Citizens argued to the contrary. The record cearly establishes that, as a scrap metal processor, Allan will buy substantially more operating machinery and equipment than would a mere junk collector or auto wrecker but that none the less would be involved in the purchase of scrap metals, the processing of these metals by shredding, bailing, and shearing of these metals, the sorting of the processed metals, and finally the selling of the metals to steel mills for recycling. In the broadest sense, we believe that Allan's scrap metal processing plant would constitute a junk yard and that it is therefore permitted in S-1 districts of the township as a special exception.

Special exceptions, of course, could not be denied unless the impact of that use upon the public interest had been proved by Citizens or the Township to be greater than that normally to be expected from such uses. *Soble Construction Company v. The Zoning Hearing Board of East Stroudsburg,* 16 Pa. Commonwealth Ct. 599, 329 A.2d 912 (1974). Here, on the basis of the evidence taken before the Board and the hearings before the court below, it was found that the plant would have many adverse effects upon the neighborhood. Our review of the record, however, fails to reveal substantial evidence that any of these adverse effects would be greater than those which normally attend junk yard operations such as proposed by Allan. The court below, therefore, abused its discretion inasmuch as its findings and the evidence supporting those findings will not support a denial of the special exception requested by Allan.

Accordingly, the Court of Common Pleas of Luzerne County is hereby reversed and the decision of the Zoning Hearing Board of Hanover Township is hereby reinstated.