Christoforo A. Seidita *v*. Board of Zoning Appeals of the City of Scranton. James Douglass, Appellant.

Argued September 28, 1978, before Judges CRUM-LISH, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Joseph P. Kane*, for appellant.

*Sidney Z. Levy*, with him *Levy, Scott, Weinberger & Hart*, for appellee.

OPINION BY JUDGE MACPHAIL, March 21, 1979:

Christoforo A. Seidita applied to the Zoning Board of the City of Scranton (Board) for a special exception to use certain premises as a day care center for young children. The Board denied Seidita's application. Seidita appealed to the Court of Common Pleas of Lackawanna County, which, without taking further testimony, held that the Board's denial of the special exception constituted ''an indefensible abuse of discretion and an error of law.'' The Court also held that Seidita was entitled to the exception unless there was persuasive proof that the health, safety and morals of the community would be affected. Finding no such proof, the Court reversed the Board.

Where the court below has taken no additional evidence, our scope of review is limited to a determination of whether or not the Board committed an abuse of discretion or an error of law. *Alfano v. Zoning Hearing Board of Marple Township*, 14 Pa. Commonwealth Ct. 334, 324 A.2d 851 (1974).

The premises in question lie in an R-2 residential district under the terms of the zoning ordinance in question. There is no doubt that the intended use of the premises is not a "permitted use" in R-2 districts.

Seidita claims that the intended use is a special use exception within the ordinance's definition of "appropriate public uses." That term is defined as follows:

> *Use Class 17. Appropriate Public Uses.* Includes public and quasi-public uses of a welfare, educational, religious, recreation and cultural nature, and dormitories, fraternities, and religious homes accessory to such uses, radio and television transmission or receiving towers; and essential public utilities that require enclosure within a building, except for telephone central office buildings and telephone booths.
>
> Such Public Uses permitted by the Board as a Special Use shall be appropriate to the character of the District in which it is proposed and to the area which it will serve. Such appropriate Public Uses shall have adequate access, shall provide off-street parking and loading as specified in section 6.100, shall provide necessary landscaping and screening to protect adjoining areas, and shall comply with the following lot, yard and building regulations. . . .

"Appropriate public uses" are permitted in all of the zoning districts under the terms of the ordinance. Seidita contends, and the lower court found, that the proposed children's day care center is an "appropriate public use."

The Board and James Douglass (Appellants) contend that the Board's refusal to grant the special exception was correct. They point to the fact that "use class 12" of the ordinance specifically provides for "nurseries for the day care of young children" as a special use in *R-3* districts but not in R-2 districts. In *School Lane Hills, Inc. v. East Hempfield Township Zoning Hearing Board,* 18 Pa. Commonwealth Ct. 519, 336 A.2d 901 (1975), we considered a similar prob-

lem. In that case the landowners wanted to use a part of their premises as a rehabilitation center under "an appropriate public use" exception set forth in the township zoning ordinance. While we agreed that a rehabilitation center may very well promote the "welfare" of a community, we held that since a rehabilitation center also fits the definition of a "sanitarium," which in turn is a "hospital" (a use not allowed by right or by way of special exception in the district where the use was proposed) the court below was precluded from finding that "hospitals" were intended to fall within the scope of "appropriate public uses." Accordingly, we found that a rehabilitation center could not be permitted as a special use. We are of the opinion that that decision controls the instant case. Even if the day care center fits the definition of an "appropriate public use," neither the Board nor this Court could permit it in an R-2 district, since provision is made for such use as a special exception in R-3 districts (but not in R-2 districts).

We find no merit in Seidita's argument that there is some distinction between a "day care center for young children" and "nurseries for the day care of young children." *Webster's New Collegiate Dictionary* (1976) defines "nursery" as "a place where children are temporarily cared for in their parent's absence." This definition accurately describes Seidita's proposed day care center.

In summary, we find no abuse of discretion and no error of law by the Board. Accordingly, the order of the Court of Common Pleas of Lackawanna County must be reversed.

### ORDER

AND Now, this 21st day of March, 1979, the order of the Court of Common Pleas of Lackawanna County, Civil Division, dated July 19, 1977, is reversed.

DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I respectfully dissent.

I would affirm the trial court's decision to order the zoning board to issue a special use permit to Appellee for a Children's Day Care Center. A careful scrutiny of the City of Scranton's zoning ordinance leads me to the inescapable conclusion that such a proposed use is permissible as an appropriate public use under Use Class 17 of the ordinance. In my opinion, the operation of a day care center fits precisely within the permissible uses set forth under Use Class 17 which "includes public and quasi-public uses of a welfare, educational . . . nature." The ordinance's further requirement that such public uses be "appropriate to the character of the District in which it is proposed" is clearly satisfied in the instant case since the record reveals that the building Appellee proposes to use as a day care center was originally constructed by the Scranton School District and used as a public school for over 50 years and thereafter as a parochial school for many years. The recommendation of the City Planning Commission that Appellee's application for a special use permit be granted lends further support to my belief that the proposed use complies with the standards of the ordinance and would not adversely affect the character of the community.

While I wholeheartedly agree with the trial court's concern that the zoning board's decision denying Appellee's request is an unwarranted and unreasonable intermeddling with his ownership of the property, I am more deeply concerned with the ramifications of today's decision upon a modern society where day care centers provide an essential and needed public service to a parent who, because of outside controlling influences, is obliged to work so that he or she may adequately support and rear his or her family in a manner which will improve a much needed and too-

often ignored obligation. The quality of Appellee's service would be guaranteed by the Department of Public Welfare whose approval and licensure would be a prerequisite for operation. I believe the Board's denial of Appellee's special use permit was properly held to have been an abuse of discretion.