In Re: Appeal of Francis M. Fleming and Virginia M. Fleming, his wife, and Hedwig House, Inc. from the decision of the Zoning Hearing Board of the Borough of Norristown. Borough of Norristown, Appellant.

Argued April 2, 1979, before Judges Crumlish, Jr., Mencer and Rogers, sitting as a panel of three.

*Joseph J. Hylan*, with him *Paul C. Vangrossi*, and *Vangrossi & Recchuiti*, for appellant.

*Cassin W. Craig*, with him *Wisler, Pearlstine, Talone, Craig & Garrity*, for appellees.

OPINION BY JUDGE CRUMLISH, JR., August 8, 1979:

Francis and Virginia Fleming and Hedwig House, Inc., a non-profit corporation, were denied a variance and/or special exception by the Zoning Hearing Board of Norristown, Montgomery County. Their purpose was to operate the premises as a "recreational and community center" for discharged mental patients in a reacclimation to normal social community life project.[1] The Board found insufficient evidence to sup-

---

[1] Alternatively, Appellants sought approval of the proposed use as a change of an existing non-conforming use to another use not designated or specificied under the ordinance for a district having less restrictive regulations.

port the application; and the Flemings, as legal title-holders, and Hedwig House, as equitable titleholders to the premises, appealed. Without taking additional evidence, the Court of Common Pleas held that the Board erred in law.

With no additional evidence of record taken by the court below, we must limit our review to a determination of whether the Board abused its discretion or erred as a matter of law. *Seidita v. Board of Zoning Appeals of the City of Scranton,* 41 Pa. Commonwealth Ct. 340, 399 A.2d 156 (1979). In special exception cases, the applicant shoulders the initial burden of proving that the zoning ordinance permits the proposed use; thereafter, the burden shifts to protestant(s) to prove that, if allowed, the use would be detrimental to the public health, safely and welfare. *Borger v. Towamensing Township Zoning Board of Adjustment,* 39 Pa. Commonwealth Ct. 361, 395 A.2d 658 (1978).

Consider the case's following factual posture. This property is in an R-2 residential district. The neighborhood includes single-family residences, apartments, doctors' and dentists' offices, and commercial establishments. During the past 25 years, it has served as a funeral home which is, incidentally, a nonconforming use.

Hedwig House, the record discloses, is to operate as a "half-way house" to assist in resocializing former institutionalized mental patients by teaching and training them in certain elementary job skills in an effort to improve their emotional and psychological stability so that their transition to normal behavior and its inherent difficulties would be orderly and without deleterious incident. For these purposes, it would operate on a daily basis, 9 o'clock A.M. to 5 o'clock P.M., Monday through Friday, with a potential four-hour period on weekends.

Protestants, neighboring property owners demanding strict ordinance compliance, relied on the established character of the area and presented evidence suggesting an increase in the numbers of highly visible aberrated persons in the community which, in addition to their presence, might have an adverse effect on the neighboring school children.

The Board concluded that the Flemings failed to establish that the proposed use is in fact a recreational and community center use; and that the Protestants convincingly demonstrated that there was a potential adverse neighborhood impact. The Flemings and Hedwig House on appeal contended, and the trial court held, that the proposed use is authorized as a special exception under Section 402 (I)(3) of the Zoning Ordinance which provides, *in pari materia:*

The following uses (are permitted) when authorized by the Zoning Hearing Board as a special exception:

. . . .

3. Recreational and community center building, operated by a non-profit agency.

The trial court concluded that the proposed use is well characterized as a recreational and community center and that Protestants had failed in the burden of showing the requisite adverse effect on the community. We agree.

In *Swift v. Zoning Hearing Board of Abington Township,* 16 Pa. Commonwealth Ct. 356, 328 A.2d 901 (1974), in a similar factual circumstance, a nonprofit association sought the use of premises for the purpose of educating young people and their parents to the effects of drug abuse and assisting them in job placement. We held that such a use was a "community center or similar use" within the contemplation of the draftsmen of the zoning ordinance.

As here, "community center" was not defined in the ordinance and we held that, in the absence of a restrictive definition, the term was permissive and would be accorded broad latitudinal interpretation.[2] Applying with equal force the rationale in *Swift, supra,* we must agree with the trial court that the zoning hearing board, in denying the application for a special exception, erred in law.

We are unpersuaded by the Board's position that such a proposed use is not a community or recreationally-oriented center because not everyone in the community qualifies to use the facility. We consider this view to be unreasonably myopic. The House will provide a service and fulfill a need which heretofore has been shunned by the community. In our view, a center of community life would reduce the number of emotionally disturbed patients wandering aimlessly about the streets and focus the attention of the neighbors on the duty we all share to assist in the rehabilitation of less fortunate members of the community. The Director of Hedwig House and a physician who specializes in adult-adolescent and child psychological diagnosis and treatment argue a "half-way" project would tend to alleviate some of the current community problems.

The zoning hearing board committed an error of law when it denied appellant's application for a special exception, therefore, the order of the Court of Common Pleas of Montgomery County must be affirmed.

---

[2] Although the record indicates that a large portion of the persons who will use the proposed facility are from the Norristown area, while others have moved to the area because they were patients at the nearby hospital, we have held that a facility does not lose its character as a community center merely because some of its residents reside outside the township. *See Swift, supra,* at 360.

646

Accordingly, we

ORDER

AND Now, this 8th day of August, 1979, the order of the Court of Common Pleas of Montgomery County dated March 29, 1978, is hereby affirmed.