Foster Grading Company, Appellant *v.* Venango Township Zoning Hearing Board, Appellee.

2

Argued December 6, 1979, before Judges WILKIN-SON, JR., ROGERS and BLATT, sitting as a panel of three.

*James F. Toohey,* with him, *Gary Skiba, Quinn, Gent, Buseck and Leemhuis, Inc.,* for appellant.

*Jay S. Nedell,* with him, *W. Gustave McGeorge, Nedell, Underman & McGeorge,* for appellee.

OPINION BY JUDGE ROGERS, January 23, 1980:

This is the appeal of the Foster Grading Company (Foster) from an order of the Court of Common Pleas of Erie County affirming the decision of the Venango Township Zoning Hearing Board denying Foster's application for a conditional use permit.

Foster applied to the Board for a permit to construct and operate a bituminous concrete mixing plant in an A-1 Conservation District of Venango Township. The Township's zoning ordinance permits manufacturing as a conditional use in A-1 Conservation Districts upon compliance with performance standards

set out in the ordinance. A conditional use is defined by the ordinance as a special exception. The Board conducted a hearing on Foster's application and denied a permit on the grounds: (1) that there was no evidence that the proposed use met the fire protection performance standards of Section 306.1 of the ordinance; (2) that the proposed use may be dangerous and injurious to property and persons because of the heavy truck traffic associated with it; (3) that the proposed use would be incompatible with adjacent uses; and (4) that the proposed use would be incompatible with the broad objectives of the Township's comprehensive plan. Foster appealed the denial to the Court of Common Pleas, which affirmed, declaring in a memorandum opinion only that it did not appear to the court that the Board had acted in an arbitrary, capricious or unlawful manner in refusing the conditional use. This appeal followed. We reverse.

In the recent case of *Bray v. Zoning Hearing Board of Adjustment*, 48 Pa. Commonwealth Ct. 573, 410 A.2d 909 (1980), Judge CRAIG collected and analyzed the cases treating the burdens and duties of, respectively, applicants for and objectors to the grant of special exceptions. The law was there summarized in part pertinent here as follows: the applicant for a special exception has both the duty of presenting evidence and the burden of persuading the competent tribunal that his proposal complies with all objective requirements of the ordinance—that the use intended is one permitted by the ordinance as a special exception and that all other objective requirements specifically required have been or will be supplied; the objectors to the application have both the duty of presenting evidence and the burden of persuasion, that the use will have a generally detrimental effect on health, safety and welfare or will conflict with expressions of gen-

eral policy contained in the ordinance. Keeping these distinctions in mind, we will review the reasons cited by the Board for its refusal to grant Foster's application.

The Board first declared that Foster had not shown compliance with Section 306.1 of the ordinance which provides:

Fire Protection: Fire protection and fighting equipment acceptable to the Board of Fire Underwriters shall be readily available when any activity involving the handling or storage of flammable or explosive materials is carried on.

This is a specific, objective requirement as to which Foster bore the duty of presenting evidence and the burden of persuasion of compliance. Foster says that it adduced sufficient evidence of compliance with the standards of Section 306.1 and that the Board erred in deciding the contrary. We agree.

Foster's Secretary-Treasurer testified that although he was not familiar with the details of the Board of Fire Underwriters' equipment standards,[1] those standards as well as the requirements of the federal Occupational Safety and Health Administration would be complied with. He further testified that Foster has operated similar bituminous concrete mixing plants for twenty-four years and that all local and federal fire control requirements have been supplied. In *Heck v. Zoning Hearing Board for Harveys Lake Borough*, 39 Pa. Commonwealth Ct. 570, 397 A.2d 15 (1979), we held that it was an abuse of the Board's discretion to find that a property owner intended a use other than that to which he had testified. *See also DeChristoforo v. Philadelphia Zoning Board of Adjustment*, 427 Pa. 150, 233 A.2d 561

---

[1] The standards are not set out in the ordinance and do not appear anywhere in the record.

(1967). If Foster, contrary to its expressed intentions, fails to comply with Section 306.1 it may be denied a certificate of occupancy or otherwise compelled to comply. Before providing the facility it can hardly do more than attest to its intention to comply with the ordinance.

The Board next found that the proposed use may be dangerous and injurious to the community by reason of the heavy truck traffic it would cause. The duty of presenting evidence and of persuasion on this point was on the objectors. The Board found that on a busy day between forty and fifty trucks would have to travel on Lake Pleasant Road, a paved roadway. Objectors testified that Lake Pleasant Road is much used by hunters, fishermen and swimmers. They adduced no evidence that Lake Pleasant Road could not accommodate truck traffic or that an increase of fory or fifty trucks a day would endanger recreational users. Where a proposed use is permitted by special exception, the parties opposing the use must show with a high degree of probability that a resulting increase in traffic will affect the health, safety or welfare of the community. *Archbishop O'Hara's Appeal,* 389 Pa. 35, 131 A.2d 587 (1957); *Evans v. Zoning Hearing Board of Easttown Township,* 40 Pa. Commonwealth Ct. 103, 396 A.2d 889 (1979). There being no evidence of threat to anyone's safety the Board's conclusion that truck traffic constitutes a hazard was without support.

The objectors likewise failed to present evidence that the proposed use would be incompatible with adjacent uses and with the broad objectives of the comprehensive plan. The land adjacent to the proposed plant is presently used for agricultural, residential and recreational purposes. Objectors testified concerning their fears of water and air pollution, decrease in property values, noise, adverse affects on

wildlife, increased traffic, improper solid waste disposal and unsightliness. The Board found, however, that "[t]he evidence presented substantially showed that no significant electrical disturbances, odors, glare, erosion, smoke, noise or water pollution would result from the proposed operation of the plant." Moreover, the Township's governing body by permitting manufacturing as a special exception in an A-1 Conservation District determined that the normal impact of such a use would be acceptable in this area. The Zoning Hearing Board may not refuse an application for a special exception where the evidence shows no more effect of the use than might normally be expected. *Wojtowicz v. Hanover Township Zoning Hearing Board*, 23 Pa. Commonwealth Ct. 12, 350 A.2d 419 (1976).

Order reversed.

ORDER

AND Now, this 23rd day of January, 1980, the order of the Court of Common Pleas of Erie County dated December 11, 1978 is hereby reversed and the record is remanded with direction that Venango Township Zoning Hearing Board grant the conditional use application of Foster Grading Company.

Judge DiSALLE did not participate in the decision in this case.