Warren County Probation Assoc. *v.* Warren County Zoning Hearing Board. James Blumquist, Appellant.

Argued December 7, 1979, before Judges CRUM-LISH, JR., MENCER and MACPHAIL, sitting as a panel of three.

*James C. Blackman*, for appellant.

*Samuel F. Bonavita*, for appellee.

OPINION BY JUDGE MENCER, April 14, 1980:

This appeal arises from a decision of the Court of Common Pleas of Warren County reversing the Warren County Zoning Hearing Board's (Board) denial of a special use permit to the Warren County Probation Association.

The Probation Association, a nonprofit corporation, applied for a special use permit to utilize a single-family dwelling in an area zoned residential as a group home for six male youths who have been found guilty of minor criminal offenses and placed in the home by the Court of Common Pleas of Warren County. The youths would be carefully screened before placement and supervised on a 24-hour basis by resident houseparents. No significant alterations are planned. The proposed group home is permitted as a special exception under the Warren County Zoning Ordinance, which provides that "charitable, education-

al, and governmental services'' shall be permitted in any district, upon approval by the Board. The Board denied the permit because it found that criteria for obtaining the permit under the ordinance were not met, *i.e.*, that the proposed use was not ''appropriate for the particular lot and location'' and was ''unreasonably detrimental to neighboring properties.'' On appeal, the lower court reversed, finding that the Board erred in determining that protestants had met their burden of showing detriment. This appeal followed. We affirm.

It has been determined that those objecting to an application for a special exception ''have both the duty of presenting evidence, and the burden of persuasion, that the use will have a generally detrimental effect on health, safety and welfare or will conflict with expressions of general policy contained in the ordinance.'' *Foster Grading Co. v. Venango Township Zoning Hearing Board*, 49 Pa. Commonwealth Ct. 1, 412 A.2d 647 (1980).

Further, in *Zoning Hearing Board v. Konyk*, 5 Pa. Commonwealth Ct. 466, 470-71, 290 A.2d 715, 718 (1972), we said:

> The Legislature in providing for special exceptions in zoning ordinances has determined that the impact of such a use of property does not, of itself, adversely affect the public interest to any material extent in normal circumstances, so that a special exception should not be denied unless it is proved that the impact upon the public interest is greater than that which might be expected in normal circumstances.

Nineteen people from the neighborhood of the proposed home testified in opposition to the application. The substance of their testimony was that the presence of the home and its occupants would create anxiety,

jeopardize the safety of person and property, lead to a decrease in property values and deterioration of the neighborhood, and have a detrimental influence on their children. There was concern that the youths could not really be controlled.

Unfortunately, no independent facts were presented to substantiate the claims that these effects would occur. As such, the protestants' testimony seems to fall short of the high-degree-of-probability standard necessary to sustain their burden. *Archbishop O'Hara's Appeal*, 389 Pa. 35, 53-54, 131 A.2d 587, 596 (1957); *Evans v. Zoning Hearing Board of Easttown Township*, 40 Pa. Commonwealth Ct. 103, 396 A.2d 889 (1979).

After carefully reviewing the record, we find that the lower court correctly decided that protestants failed to demonstrate an adverse impact greater than that which would normally be expected with respect to a permitted group home and failed to show that the group home would not meet the criteria set forth in the ordinance. *See Franklin & Marshall College v. Zoning Hearing Board of City of Lancaster*, 29 Pa. Commonwealth Ct. 478, 371 A.2d 557 (1977); *see also Appeal of Fleming*, 44 Pa. Commonwealth Ct. 641, 405 A.2d 1309 (1979).[1]

Accordingly, we affirm.

ORDER

AND Now, this 14th day of April, 1980, the order of the Court of Common Pleas of Warren County, dated April 20, 1979, directing that a special use permit be issued to Warren County Probation Associa-

---

[1] We find no merit to the argument that the lower court failed to take into account the broad scope of the Board's authority under the terms of the ordinance to determine questions of suitability and adverse impact with regard to areas with which it is uniquely familiar.

tion granting its application for a group home at 26 North State Street, North Warren, Conewango Township, Warren County, Pennsylvania, is affirmed.

President Judge BOWMAN and Judge DISALLE did not participate in the decision in this case.