Richard E. Conners & Nancy Conners, husband and wife et al., Appellants *v.* The Zoning Hearing Board of Chippewa Township and Community Alcoholism Services of Beaver County, Inc., Appellees.

Argued November 16, 1984, before Judges MAC-PHAIL, DOYLE and PALLADINO, sitting as a panel of three.

*Samuel J. Orr, III,* for appellants.

*J. Philip Colavincenzo,* for appellee, Zoning Hearing Board of Chippewa Township.

*Robert J. Fall,* for appellee, Community Alcoholism Services of Beaver County, Inc.

OPINION BY JUDGE DOYLE, April 18, 1985:

On August 31, 1983, the Beaver County Court of Common Pleas determined that the operation of La Casa, a residential facility housing approximately twenty-four recovering alcoholics, is a permitted use in an R-1 district under Chippewa Township's Zoning Ordinance. Appellants herein are neighbors of La Casa. Appellees are the Zoning Hearing Board of Chippewa Township (zoning hearing board) and the

operators of La Casa, Community Alcoholism Services of Beaver County, Inc. (CAS).

Appellees CAS originally applied to the zoning hearing board for a variance on the La Casa property in March of 1981. A hearing was held the following month, and in June of 1981, the zoning hearing board granted the variance, determining that La Casa was a permitted use in an R-1 district, and, alternatively, that the requirements for a variance had been satisfied. Several of La Casa's neighbors appealed to the Beaver County Court of Common Pleas alleging both notice defects and substantive errors. On September 21, 1981, the common pleas court affirmed the zoning hearing board on all grounds. An appeal was then taken to this Court and the decision was reversed on the basis of defective notice only. *Appeal of Conners,* 71 Pa. Commonwealth Ct. 213, 454 A.2d 233 (1983). After correcting the notice defects, the zoning hearing board held a second hearing. On March 22, 1983, the board affirmed its first decision. An appeal was again taken to the common pleas court, which held its own evidentiary hearing on July 14, 1983, and then issued the decision which is the subject of this appeal. The variance issue was not addressed in the trial court's opinion.

On the basis of a stipulated record consisting of all testimony heard by the zoning hearing board as well as the testimony taken at its own hearing, the common pleas court made extensive findings of fact. These can be summarized relatively briefly as follows:

The stated primary goal of La Casa is the education of those who wish to live without alcohol. The various means employed to accomplish this goal include films, mandatory attendance at Alcoholics' Anonymous meetings, counseling sessions, and individual treatment plans for each resident which may

include financial, educational or vocational training. For the first thirty days of their stay, residents are not allowed off the grounds unless accompanied by a staff member or another resident who has been there more than thirty days. Admission to La Casa is completely voluntary, and applicants must meet highly selective admission standards which usually include a requirement that the applicant have abstained completely from alcohol for at least one month. The normal duration of stay for a resident is approximately five to six months. La Casa is licensed by the Office of Drug and Alcohol Programs of the Pennsylvania Department of Health as an "in-patient, non-hospital treatment facility." There are no medical personnel of any kind on the staff, nor does La Casa have any hospital affiliation. La Casa allows visitation by the public, and its meeting room is available to community groups for meetings concerning alcohol related problems.

The common pleas court did not address the variance issue, but instead concluded on the facts that La Casa was a permitted use in an R-1 district pursuant to Section 700 of the Chippewa Township Zoning Ordinance, which provides, in pertinent part:

A. Uses
  1. Single-Family Dwellings.
  . . . .
  4. Educational and religious uses.
  5. Municipal and civic buildings, police and fire protection buildings.

The court reasoned that since the terms "educational" and "civic" are not further defined in the ordinance, they must be given their broadest possible interpretation. *See Swift v. Zoning Hearing Board of Abington Township,* 16 Pa. Commonwealth Ct. 356, 328 A.2d 901 (1974); *Lower Providence Township &*

*Wood v. Ford,* 3 Pa. Commonwealth Ct. 380, 283 A.2d 731 (1971). The court relied primarily on *Swift,* in which this Court held that a non-residential half-way house for drug addicts, which was open to the public on a daily basis, fit into the zoning classification of "community center or similar use," and on *Evans v. Zoning Hearing Board of Easttown Township,* 40 Pa. Commonwealth Ct. 103, 396 A.2d 889 (1979), in which we held that a residential institution for retarded and emotionally disturbed people was an "educational" use.

As Appellants correctly point out, categorizing a half-way house as an educational use significantly extends the *Evans* rationale, while categorizing a residential treatment facility as a civic building similarly extends the logic of *Swift.* We believe however, that there is an even more compelling reason for finding in Appellants' favor: La Casa cannot be considered either an educational use of a civic building, because it fits more specifically into the category of a "Nursing, Convalescent Home or Home for the Aged," which is defined under Section 401 of the Chippewa Township Zoning Ordinance as "any dwelling with sleeping rooms where persons are housed or lodged and furnished with meals and nursing care for hire, or a home operated as an institution," and which is a permitted use only in an R-2 district in Chippewa Township.[1]

---

[1] It must be pointed out that the classification is worded slightly differently under Section 701(A) (2) of the ordinance, which reads "Nursing, convalescent home for the aged." The only logical conclusion to be drawn from this inconsistency, other than that a typographical error was made, is that the two clauses were intended to refer to the same category of use, *i.e.* nursing homes, convalescent homes *or* homes for the aged. Under the definition in Section 401, this category would include similar terms as well, such as, for example, rest homes.

In *School Lane Hills v. East Hempfield Township Zoning Board,* 18 Pa. Commonwealth Ct. 519, 336 A. 2d 901 (1975), this Court found that an Easter Seal rehabilitation facility could not be considered an "appropriate public use" of "a welfare and educational nature" because it fit more specifically into the zoning category of "hospital" which included "sanitarium" in its definition. The court stated that the emphasis of the center lay "not with training, an *improvement in* the normal human condition, but rather with treatment, a *restoration* to a normal human condition." 18 Pa. Commonwealth Ct. at 523, 336 A.2d at 903.

In *Seidita v. Board of Zoning Appeals,* 41 Pa. Commonwealth Ct. 340, 399 A.2d 156 (1979), under the same reasoning, we refused to allow a day care center as an "appropriate public use" where the ordinance specifically provided for "nurseries" in another district. The Court further explained its analysis stating:

> While [in *School Lane*] we agreed that a rehabilitation center may very well promote the "welfare" of a community, we held that since a rehabilitation center also fits the definition of a "sanitarium", which in turn is a "hospital", (a use not allowed by right or by way of special exception in the district where the use was

---

We are further guided in our analysis by the structure of this zoning ordinance. *See* 1 R. Ryan, Pennsylvania Zoning Law and Practice §4.2.1 (1981 & Supp. 1984) ; *Crary Home v. DeFrees,* 16 Pa. Commonwealth Ct. 181, 329 A.2d 874 (1974). Chippewa Township has three residential classifications. The R-1 classification, entitled "agricultural residential district," is the most restrictive category and includes only single-family dwellings and uses which are subsidiary or subordinate thereto. The R-2 classification, entitled "rural and residential district," is only slightly more permissive. Even single family apartments are relegated to R-3, the "suburban residence district," which is the least restrictive residential zone in the ordinance.

proposed) the court below was precluded from finding that "hospitals" were intended to fall within the scope of "appropriate public uses." Accordingly, we found that a rehabilitation center could not be permitted as a special use. We are of the opinion that the decision controls the instant case. Even if the day care center fits the definition of an "appropriate public use," neither the Board nor this Court could permit it in an R-2 district, since provision is made for such use as a special exception in R-3 districts (but not in R-2 districts).

41 Pa. Commonwealth Ct. at 343, 399 A.2d 157.

The court of common pleas stated that *Seidita* would prohibit the La Casa facility in the R-1 district if it were a nursing or convalescent home." The court then determined that La Casa was *not* such a home because it provided no medical or nursing care. This interpretation overlooks the more general second half of the definition in the Chippewa ordinance, and palpably, La Casa *is* "a home operated as an institution." Of course, in order to qualify as a permitted use in an R-2 district, it must also be one of the "institutions" enumerated in the ordinance. Clearly, La Casa is not an old age home, and it is probably not a nursing home either; however, notwithstanding any educational or civic goals of its operators, we think it is uncontrovertably a "convalescent home" in a far more specific sense than it is either an "educational use" or a "civic building."

As with the facility in *School Lane,* La Casa is not concerned so much with improvement of the normal human condition as with restoration thereto. The fact that the residents receive mental and emotional treatment rather than physical treatment is a minimal distinction. Furthermore, as this Court pointed out

in the case of *Interim House, Inc. v. Philadelphia Zoning Board of Adjustment,* 36 Pa. Commonwealth Ct. 54, 387 A.2d 511 (1978):

> Webster's Third New International Dictionary (unabridged) offers the following definitions:
>
> Convalescent: one recovering from sickness.
>
> Convalescent home: an institution for the care of convalescing patients.

The modern view is that alcoholism is an illness. *Id.* at 67 n.3, 387 A.2d at 516-17 n.3.

For these reasons, we are compelled to find that La Casa meets the definition of a "convalescent home" under the Chippewa Township Zoning Ordinance, and, consequently, cannot be a permitted use in an R-1 district in Chippewa Township.

As noted above, the court of common pleas did not address the question of whether or not Appellees were entitled to a variance on the La Casa property. Since that court took additional testimony and considered this matter de novo, the responsibility for making all initial determinations of law and facts is theirs. *See Boron Oil v. Baden Borough,* 6 Pa. Commonwealth Ct. 583, 297 A.2d 833 (1972). Accordingly, the record must be remanded for a decision on the merits of the variance issue.

### ORDER

Now, April 18, 1985, the decision and order of the Court of Common Pleas of Beaver County, Nos. 1379 of 1981 and 406 of 1983, dated August 31, 1983, is hereby reversed. The record is remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.

Judge WILLIAMS, JR., did not participate in the decision in this case.