529 A.2d 582

In Re: Appeal of Eugene K. Martin From the Decision of the Clay Township Zoning Hearing Board. Eugene K. Martin, Appellant.

Argued September 8, 1986, before Judges MAC-PHAIL, and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Peter Schannauer, Law Office of J. Marlin Schreiner,* for appellant.

*Anthony P. Schimaneck, Morgan, Hallgren, Crosswell & Kane, P.C.,* for appellees.

OPINION BY JUDGE PALLADINO, July 30, 1987:

This is an appeal from an order of the Court of Common Pleas of Lancaster County (trial court), entered

January 14, 1986, affirming the denial by the Zoning Hearing Board of Clay Township (Board) of a special exception requested by Eugene K. Martin and Marvin R. Weaver (Petitioners).

Petitioners own a 67-lot subdivision in Clay Township which is zoned as Residential-2 (R-2). In an R-2 district, single family dwellings are a permitted use while apartments, of a restricted size, are permitted by special exception. Petitioners intend to develop 59 lots as single-family dwellings,[1] with the remaining 8 lots to be developed as four six-unit apartment buildings. Petitioners filed a request with the Board for a special exception. After a hearing, the Board denied Petitioner's request concluding that although Petitioners complied with the specific requirements for a special exception, the apartments, as developed, would adversely affect the district. Petitioners appealed the decision to the trial court, which affirmed the decision of the Board.

Petitioners now appeal to this court contending that the Board erred in denying the special exception.[2]

An applicant, by showing the proposed use is permitted by special exception and that it complies with the specific requirements of the ordinance, identifies the proposal as one which the municipal legislative body has determined to

---

[1] At issue in this appeal is the ability of Petitioners to develop the apartment buildings in accordance with the zoning ordinance. The single family houses can be built in the R-2 district as of right.

[2] Our scope of review, where no additional evidence was taken by the trial court, is limited to a determination of whether the Board committed a manifest abuse of discretion or an error of law. *Valley View Civic Ass'n v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. *Id.* Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

be appropriate in the district and therefore presumptively consistent with the health, safety and general welfare of the community. *Kern v. Zoning Hearing Board of the Township of Tredyffrin,* 68 Pa. Commonwealth Ct. 396, 401, 449 A.2d 781, 783 (1982). The Board found that Petitioners complied with all specific requirements for a special exception as delineated by the township zoning ordinance.[3] The ordinance also provides, in Section 603, general standards. At issue in the case at bar are the following two general standards: 1) the specific site must be an appropriate location for such use, and 2) the use as developed will not adversely affect the district. In denying the special exception, the Board concluded that Petitioners failed to comply with these two sections.

In *Bray v. Zoning Board of Adjustment,* 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980), we set forth who bears the duty of going forward with evidence and the burden of persuasion (*i.e.* burden of proof) as to the specific and general conditions for the grant of a special exception. "As to special exceptions, our cases have repeatedly made clear that the applicant has both the persuasion burden and the initial evidence presentation duty to show that the proposal complies with the 'terms of the ordinance' which expressly govern such a grant." *Id.* at 526, 410 A.2d at 910. "This rule means the applicant must bring the proposal within the specific requirements expressed in the ordinance for the use (or area, bulk, parking or other approval) sought as a special exception." *Id.* at 526, 410 A.2d at 911. There is

---

[3] Special exceptions in the R-2 district are provided for in Section 305(B)(2) of the zoning ordinance. The specific requirements to be met in order to obtain a special exception are found in Section 305(C)(5) of the ordinance. There is no dispute regarding Petitioners' compliance with the specific requirements for the special exception.

no dispute that Petitioners carried both burdens as to the specific requirements of the Clay Township ordinance.

As to general standards, persuasion burden and the duty of going forward with the evidence is on the objector unless the ordinance expressly shifts the persuasion burden to the applicant. The duty of going forward with evidence showing that the proposed use will violate the general requirements of the ordinance cannot be shifted. *Id.* at 531, 410 A.2d at 911.

In the case at bar, Section 603 of the ordinance does not expressly shift the burden of persuasion as to the general conditions to the applicant. Therefore, the objectors bear a heavy burden. They must provide evidence that there is more than a mere speculation of harm. *Foster Grading Co. v. Venango Township Zoning Hearing Board,* 49 Pa. Commonwealth Ct. 1, 412 A.2d 647 (1980). The objectors must show that the impact would be greater than would normally be expected from that type of use and that this use will pose a substantial threat to the health, safety and welfare of the community. *Kern.*

The objectors testified that increased traffic in the area would create a hazard. They further testified that increased water runoff caused by the roof of the building and the paving of the parking lot would cause "ponding" on the land of the neighboring farmer. The Board concluded that the increased volume of water runoff will make the land of Mr. and Mrs. Groff (the neighboring farmer) less productive and will take longer to dry out than at the present time. Petitioners, on the other hand, presented evidence that they will provide a storm drainage detention area which could handle the hundred-year flood, which would be a rain like Hurricane Agnes in '72 and which meets the county and township requirements.

*Kern* requires that the objectors, in order to meet their persuasion burden, must have proven that there is a high probability the apartments will generate traffic patterns and water drainage not normally generated by that type of use and that the abnormal traffic and drainage will pose a substantial threat to the health, safety and welfare of the community.

As to the traffic issue, the objectors have met their evidence presentation burden by identifying the potential traffic hazards. However, to meet their persuasion burden the objectors had to prove that there is a high probability that the apartments will generate traffic patterns "not normally generated by that type of use and that this abnormal traffic will pose a substantial threat to the health and safety of the community." *Kern,* 68 Pa. Commonwealth Ct. at 402, 449 A.2d at 784. In its conclusions, the Board states that the apartments will create an "increase in traffic at an already dangerous intersection." The fact that a proposed use would contribute to projected traffic congestion primarily generated by other sources is not a sufficient basis for denying the special exception. *Kern,* 68 Pa. Commonwealth Ct. at 402, 449 A.2d at 784.

As to the issue of water runoff, the Board found that "the use as developed will adversely affect the district and the neighboring properties for the reason that there will be increased water runoff. . . ." We believe that the trial court was correct when it stated that the additional run-off is a normal and presumptively approved result of building an apartment complex. "[A] special exception should not be denied unless it is proved that the impact upon the public interest is greater than that which might be expected in normal circumstances." *Zoning Hearing Board v. Konyk,* 5 Pa. Commonwealth Ct. 466, 470-471, 290 A.2d 715, 718 (1972). Mere speculation is not sufficient. The objectors must prove that there is a

high degree of probability that a result not normally generated by this type of use will obtain. *Kern.* No evidence was presented which could meet this burden or lead to a conclusion that the increased water runoff will pose a substantial threat to the health and safety of the community.[4] The objectors failed to meet their persuasion burden as to the issue.

Accordingly, we reverse.

### Order

And Now, July 30, 1987, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is reversed.

Jurisdiction relinquished.

Judge MacPhail dissents.

---

[4] The Board concluded that the water runoff would have a substantial effect on the property of Mr. and Mrs. Willis Groff. The Groffs and numerous neighbors testified that the apartments would cause "ponding" on the Groff property and that this would decrease productivity. Unfortunately, no independent facts which could substantiate this assertion were presented. *See Warren County Probation Ass'n v. Warren County Zoning Hearing Board*, 50 Pa. Commonwealth Ct. 486, 414 A.2d 398 (1980).