IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adams Outdoor Advertising,       :
                Appellant    :
                                 :
           v.             :    No. 1328 C.D. 2023
                                 :    Argued:  September 9, 2024
Whitehall Township, Whitehall   :
Township Board of Commissioners  :

BEFORE:   HONORABLE ELLEN CEISLER, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT             FILED:  October 29, 2024

Adams Outdoor Advertising (Billboard Company) has appealed an order of the Court of Common Pleas of Lehigh County (trial court) denying its zoning appeal.  In so doing, the trial court affirmed the Whitehall Township (Township) Board of Commissioners' deemed denial of Billboard Company's petition for a curative amendment to the Whitehall Township Zoning Ordinance of 1989 (Zoning Ordinance).[1]  On appeal, Billboard Company argues that the trial court erred in affirming the Township Board of Commissioners' (Township Commissioners) deemed denial of its curative amendment and request for site-specific relief after holding that the Zoning Ordinance unconstitutionally excluded billboards.  Upon review, we affirm in part, reverse in part, and remand the matter to the trial court for further proceedings.

---

[1] WHITEHALL TOWNSHIP ZONING ORDINANCE OF 1989, Ordinance No. 1651, *as amended*.

**Background**

Billboard Company erects billboards on real estate it leases. On January 15, 2019, Billboard Company applied to the Township for a permit to erect a double-sided "[e]lectronic display advertising sign" on property owned by the Whitehall-Coplay School District at 2862 MacArthur Road (Property). Reproduced Record at 206a (R.R. __). The Property is located in the Township's C-2, Regional/Community Commercial Zoning District (C-2 District), where billboards are a permitted use. The site plan included with the permit application showed that the proposed sign would be located approximately 100 feet from the R-3 Low-Medium Density Residential Zoning District. The Township denied Billboard Company's permit application on the basis that the proposed billboard was too close to a residential district, in violation of former Sections 27-153 and 27-165 of the Zoning Ordinance, *former* ZONING ORDINANCE, §§27-153, 27-165.

Former Section 27-153 of the Zoning Ordinance provided as follows:

A. Advertising signs and billboard shall:

> (1) *Be located only in commercial or industrial zoning districts.*
>
> (2) *Be located not less than 2,000 feet from any residential zoning district.*
>
> (3) Be located not less than 200 feet from any building or structures.
>
> (4) Be located not less than 1,200 feet from another advertising sign or billboard.
>
> (5) Not be erected parallel to or at an angle less than 45° to any right-of-way[.]
>
> (6) Not be erected on buildings or within any easement.
>
> (7) Not exceed 35 feet in height above ground and the bottom of the sign display area shall be sufficiently high so as to provide adequate traffic visibility.

2

(8) Be illuminated internally or by reflected light, provided that the source of light is not directly visible and is arranged so as to cast light away from adjoining properties.

B. Advertising signs and billboard shall have a maximum sign display area of 360 square feet per side.

*Former* ZONING ORDINANCE, §27-153; Supplemental Reproduced Record at 22a (S.R.R. __)[2] (emphasis added).

Specific to lighted billboards, former Section 27-165 of the Zoning Ordinance provided as follows:

[Light emitting diode (LED)] and electronic display signs shall:

A. Be calculated as part of the overall permitted sign display area, and shall be limited to the same square footage maximums as all other signs.

B. *Only be permitted in C-2 and C-2A Zoning Districts.*

C. Be located not less than 50 feet from any street, highway, or other public right-of-way (this includes wall signs); and shall be not less than 10 feet from any side property line.

D. *Be located not less than 1,000 feet from any residence or residential zoning district.*

E. Limit the frequency of display changes to four per hour/every 15 minutes.

F. Preclude the placement of any temporary sign on the premises, including but not limited to banners, readerboard type signs and any other temporary display.

G. Illuminated signs which indicate the time, temperature, date, or other public service information shall not be subject to the provisions of Subsections B through F herein.

---

[2] The Supplemental Reproduced Record does not comply with Rule 2173 of the Pennsylvania Rules of Appellate Procedure, PA. R.A.P. 2173, requiring that the record be numbered in Arabic figures followed by a small "b." The Supplemental Reproduced Record utilizes a small "a" instead of "b." For convenience, we cite to the Supplemental Reproduced Record as paginated by the Township Commissioners.

3

*Former* ZONING ORDINANCE, §27-165; S.R.R. 24a (emphasis added).

On May 6, 2022, Billboard Company filed a substantive validity challenge to the former Zoning Ordinance under Section 609.1 of the Pennsylvania Municipalities Planning Code (MPC).[3] Billboard Company asserted that the Zoning Ordinance was *de facto* exclusionary because, while it allowed billboards as a permitted use in the commercial and industrial zoning districts, the setback and location requirements effectively prohibited a billboard use anywhere in the Township. Along with the challenge, Billboard Company submitted a proposed curative amendment to revise former Sections 27-153 and 27-165.

With respect to former Section 27-153, the curative amendment proposed the following revision:

A. Advertising signs and billboards shall:

(1) *Be located only in C-2 and C-2A zoning districts.*

(2) *Be located not less than 250 feet from any residence.*

(3) Be located not less than 1,200 feet from another advertising sign or billboard.

(4) Not be erected parallel to or at an angle less than 45 degrees to any right-of-way.

(5) Not be erected on buildings or within any easement.

(6) Not exceed 35 feet in height above ground and the bottom of the sign display area shall be sufficiently high so as to provide adequate traffic visibility.

(7) Be illuminated internally or by reflected light, provided that the source of light is not directly visible and is arranged so as to cast light away from adjoining properties.

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of June 1, 1972, P.L. 333, 53 P.S. §10609.1.

4

B. Advertising signs and billboard shall have a maximum sign display area of 360 square feet per side.

R.R. 9a (emphasis added).

With respect to former Section 27-165, the curative amendment proposed the following revision:

LED and electronic display signs shall:

A. Be calculated as part of the overall permitted sign display area, and shall be limited to the same square footage maximums as all other signs.

B. Only be permitted in C-2 and C-2a Zoning Districts.

C. Be located *not less than 10 feet from any street, highway, or other public right-of-way* (this includes wall signs); and shall be not less than 10 feet from any side property line.

D. *Be located not less than 250 feet from any residence*.

E. *Limited the frequency of display changes to 8 seconds*.

F. Preclude the placement of any temporary sign on the premises, including but not limited to banners, readerboard type signs and any other temporary display.

R.R. 9a (emphasis added).

In sum, the curative amendment proposed to eliminate the location restrictions in former Section 27-153 and replace them with the requirement that advertising signs and billboards "[b]e located not less than 250 feet from any residence." R.R. 9a.[4] Likewise, the curative amendment proposed to eliminate the location restrictions in former Section 27-165 and replace them with the requirement that LED and electronic display signs "[b]e located not less than 250 feet from any residence." R.R. 9a. It also proposed to reduce the setback requirement from a public right-of-way from 50 feet to 10 feet; to reduce "the frequency of display

_____

[4] The curative amendment also proposed to eliminate billboard uses in industrial zoning districts in former Section 27-153.

5

changes" for LED and electronic display signs from "4 per hour/every 15 minutes" to "8 seconds;" and to eliminate the exemption for illuminated signs for time, temperature, date, or other public service information. *Id.*; *former* ZONING ORDINANCE, §27-165; S.R.R. 24a.

On August 24, 2022, the Township Commissioners conducted a hearing on the proposed curative amendment. Billboard Company presented testimony of its civil engineer, Jason Engelhardt. He testified that all the land zoned for commercial and industrial zoning districts of the Township is located within 2,000 feet of a residential zoning district and, thus, it is impossible to place a billboard anywhere in the Township. In support, Engelhardt presented a color-coded plan showing the Township's residentially zoned districts. R.R. 203a (Hearing Exhibit A-2). The exhibit showed that there were no locations within the Township where advertising signs or billboards could be placed in compliance with former Section 27-153 of the Zoning Ordinance. Notes of Testimony (N.T.), 8/24/2022, at 17; R.R. 59a.

Engelhardt then presented another plan he prepared showing that former Section 27-165 of the Zoning Ordinance effectively eliminated lighted billboards in the C-2 and C-2A Zoning Districts. Only "a section of the Lehigh Valley Mall" and "a portion of the Whitehall Shopping Center with a Giant and a Dick's" were located at least 1,000 feet from a residence or a residential zoning district. N.T., 8/24/2022, at 23; R.R. 65a. *See also* R.R. 204a (Hearing Exhibit A-3). However, Billboard Company sought to erect an "off-premises sign." N.T., 8/24/2022, at 21; R.R. 63a.

6

In response to questions by the Township solicitor, Engelhardt testified that the only distance he ran in terms of mapping out where a billboard could be placed in the Township was 2,000 feet:

> [Township solicitor:] Did [] you run any models or other examples of this with different distances other than [two] thousand feet? For example, like 200 feet or 500 feet, to see if -- if the ordinance was amended to those distances whether that would open up areas for billboards.
>
> . . . And the reason I ask is, and to be clear, I think the proposed ordinance . . . is to remove entirely A(2) [of former Section 27-153] from the current [Zoning O]rdinance. In other words, we go from 2,000 feet from a residential district to no distance at all from a residential district.
>
> And so I'm wondering if there -- if you looked at all at anything, I'm not going to say in between, but in the range of those numbers to see if there was some distance that could be in the ordinance that would open up areas for billboards.
>
> [Engelhardt:] We did not. Again, we weren't tasked with that exercise.

N.T., 8/24/2022, at 25-26; R.R. 67a-68a.

Likewise, Engelhardt testified that he did not prepare a plan to implement Billboard Company's proposed 250-foot setback from residences to see if it would open up more areas for billboard uses:

> [Township solicitor:] Did you happen to run one of these at 250 feet for A-2 [of proposed amendment of Section 27-153]?
>
> [Engelhardt:] I did not.
>
> [Township solicitor:] Okay. And I'm not implying you should have. I'm just curious as to . . . what that would show as areas that -- I'm assuming that if 250 feet is what's being asked for, that that would open up some areas, but you didn't run that?
>
> [Engelhardt:] I was requested to run an evaluation of the existing ordinance as it stands today.

7

> [Township solicitor:] Understood. So if I go to [Section] 27-165, which is the LED. And I think . . . your answer will be the same, but I'll ask it, which would be A-3. Did you run a version of that showing 250 feet from any residence?
>
> [Engelhardt:] I did not.

N.T., 8/24/2022, at 30-31; R.R. 72a-73a.

In response to the Township solicitor's concern, counsel for Billboard Company explained, in pertinent part, as follows:

> Our duty here is to demonstrate that the [Zoning O]rdinance excludes advertising signs or billboards. That's the first thing that needs to happen. Absent that, we go no further. If we meet that burden, which I think that we have, then that opens up a path for us to get site-specific relief.
>
> We have provided you with an ordinance which we think is adequate. You're not required to adopt that ordinance. You can adopt any ordinance you want. You can change it any way you want, you can amend it however you wish. So -- and normally that's what I see, that the townships come up with their own versions.
>
> . . . .
>
> What we're trying to do here this evening is to demonstrate that the [Zoning O]rdinance excludes advertising signs or billboards. If we do that, we're in pretty good shape here. Okay?
>
> The ordinance that we provided? It might not be all that great. There may be things that a planner would do differently. There's things I'm sure your engineer would change or things that the gentlemen up there would want to see different. They might want to see a map as [Township solicitor] pointed out that would should [sic] where all these areas are so that you could, as you properly said, evaluate and want to see this information. []
>
> Our burden is to propose an amendment that would cure the invalidity. I think we've done that. []
>
> You can -- you can examine Mr. Engelhardt, but he was never asked to come up with his idea of an ideal sign ordinance for Whitehall Township.

8

N.T., 8/24/2022, at 31-34; R.R. 73a-76a.

Billboard Company also presented the testimony of Lois Arciszewski, its real estate manager who drafted the proposed curative amendment. She explained the rationale for requiring billboards to be located at least 250 feet from any "residence," as opposed to a "residential zoning district." Simply, there "could [be] a commercially zoned property that also has a residence." N.T., 8/24/2022, at 41; R.R. 83a. Because advertising signs and billboards could be LED and electronic display signs, the proposed 250-foot setback from residences would apply to both former Sections 27-153 and 27-165 of the Zoning Ordinance. Arciszewski testified that billboard uses should be eliminated from industrial zoning districts "as a practical matter" because those districts do not have "a lot of property or there's already a billboard on the property zoned industrial." N.T., 8/24/2022, at 40; R.R. 82a. She explained, further, that setting the permitted frequency of display changes for LED and electronic display signs at eight seconds would conform the Zoning Ordinance to regulations of the Pennsylvania Department of Transportation and the practice of other municipalities. N.T., 8/24/2022, at 47; R.R. 89a. It was also her view that there was no "legitimate" reason to exempt public service signs from former Section 27-165 and, thus, the curative amendment proposed its elimination. N.T., 8/24/2022, at 46; R.R. 88a.

On December 1, 2022, the Township Commissioners held another hearing, at which they voted to adopt an alternative amendment to both former Sections 27-153 and 27-165. This constituted a deemed denial of Billboard Company's curative amendment petition under Section 916.1(f)(3) of the MPC, 53 P.S. §10916.1(f)(3).[5]

---

[5] Added by the Act of December 21, 1988, P.L. 1329. Section 916.1(f) of the MPC states:

Amended Section 27-153 of the Zoning Ordinance now reads as follows:

A. Advertising signs and billboards shall:

(1) Be located only in commercial or industrial zoning districts.

*(2) Be located not less than four hundred (400) feet from any residential zoning district.*

*(3) Be located not less than two hundred* [sic] *(250) feet from any residence,* and not less than twi [sic] hundred (200) feet from any building or structures.

(4) Be located not less than 1,200 feet from another advertising sign or billboard.

(5) Not be erected parallel to or at an angle less than 45° to any right-of-way.

---

(f) The challenge shall be deemed denied when:

(1) the zoning hearing board or governing body, as the case may be, fails to commence the hearing within the time limits set forth in subsection (d);

(2) the governing body notifies the landowner that it will not adopt the curative amendment;

(3) *the governing body adopts another curative amendment which is unacceptable to the landowner; or*

(4) the zoning hearing board or governing body, as the case may be, fails to act on the request 45 days after the close of the last hearing on the request, unless the time is extended by mutual consent by the landowner and municipality.

53 P.S. §10916.1(f) (emphasis added).

Billboard Company contends that the Township Commissioners' failure to act on its petition 45 days after the close of the last hearing on the petition, which was on August 24, 2022, constituted a deemed denial of the petition under Section 916.1(f)(4) of the MPC. However, the transcript of the December 1, 2022, hearing reflects that the hearing had been continued several times "due to the unavailability of either legal counsel and/or board members, *with all of those postponements having been with the consent of* [*Billboard Company*] *through its legal counsel*[.]" N.T., 12/1/2022, at 98; R.R. 167a (emphasis added). Because the time period for the Township Commissioners to act on the petition for curative amendment was extended by mutual consent, the petition is not deemed denied under Section 916.1(f)(4).

10

(6) Not be erected on buildings or within any easement.

(7) Not exceed 35 feet in height above ground and the bottom of the sign display area shall be sufficiently high so as to provide adequate traffic visibility.

(8) Be illuminated internally or by reflected light, provided that the source of light is not directly visible and is arranged so as to cast light away from adjoining properties.

B. Advertising signs and billboard shall have a maximum sign display area of 360 square feet per side.

ZONING ORDINANCE, §27-153; S.R.R. 70a (emphasis added).

Amended Section 27-165 of the Zoning Ordinance now reads as follows:

LED and electronic display signs shall:

A. Be calculated as part of the overall permitted sign display area, and shall be limited to the same square footage maximums as all other signs.

B. Only be permitted in C-2 and C-2A Zoning Districts.

C. Be located *not less than thirty (30) feet from any street, highway, or other public right-of-way* (this includes wall signs); and shall be not less than 10 feet from any side property line.

D. *Be located not less than two hundred fifty (250) feet from any residence, and not less than four hundred (400) feet from any residential zoning district.*

E. *Limit the frequency of display changes to being every fifteen (15) seconds.*

F. Preclude the placement of any temporary sign on the premises, including but not limited to banners, readerboard-type signs and any other temporary display.

G. Illuminated signs which indicate the time, temperature, date, or other public service information shall not be subject to the provisions of Subsections B through F herein.

ZONING ORDINANCE, §27-165; S.R.R. 70a-71a (emphasis added).

11

## Trial Court Decision

Billboard Company appealed to the trial court. By opinion and order of October 5, 2023, the trial court affirmed the Township Commissioners' deemed denial of Billboard Company's petition for curative amendment and request for site-specific relief. The trial court did so without receiving additional evidence.

The trial court held that the former Zoning Ordinance was *de facto* exclusionary. Specifically, it found that the requirements that billboards be located in a commercial or industrial zoning district *and* be placed a minimum of 2,000 feet from a residential zoning district resulted in "a complete prohibition of billboards in the Township." Trial Court Op. at 4 (citation omitted).

The trial court disagreed with Billboard Company, however, that having demonstrated that the Zoning Ordinance was *de facto* exclusionary, it was entitled to site-specific relief. By decreasing the 2,000-foot setback from residential districts to 400 feet and adding a new 250-foot setback from residences in Section 27-153, the Township Commissioners "eliminated the *de facto* exclusion[]" in the Zoning Ordinance. Trial Court Op. at 10. The site-specific relief Billboard Company sought "goes beyond what is necessary to cure the defect." *Id.*

In so holding, the trial court relied on *H.R. Miller Company, Inc. v. Board of Supervisors of Lancaster Township*, 605 A.2d 321 (Pa. 1992), which addressed the proper remedy upon a landowner's showing of an unconstitutional *de facto* exclusion. The Supreme Court held that courts must focus on "the constitutionality of the ordinance" and not "whether the landowner 'deserves' to be able to make a particular use of his property." *Id*. at 325. The Supreme Court instructed that "[i]f the ordinance can be 'saved' from unconstitutionality by severance of an offending provision, if the ordinance as severed is constitutional, the

landowner/litigant is not entitled to proceed with his proposal as a reward for having pursued the litigation." *Id*.

## Appeal

On appeal,[6] Billboard Company argues that the trial court erred in upholding the Township Commissioners' deemed denial of its curative amendment petition.[7] The trial court concluded that the amendment adopted by the Township Commissioners cured the *de facto* exclusion of billboards in the former Zoning Ordinance, but the evidence does not support this conclusion. The Township Commissioners "made no attempt to determine the impact" of the amendment they adopted. Billboard Company Brief at 10. Billboard Company did not allege, and the Township Commissioners did not find, that reducing the 2,000-foot setback from residential districts to 400 feet would cure the unconstitutional exclusionary effect in the former Zoning Ordinance. Therefore, the trial court's finding in this regard was not supported by evidence.

Billboard Company contends that the trial court also erred in holding that it was not entitled to an approval of its sign permit application by way of site-

---

[6] Where the trial court takes no additional evidence, our review is limited to determining whether the Township Commissioners "committed an error of law or manifestly abused [their] discretion." *Bloomsburg Industrial Ventures, LLC v. Town of Bloomsburg*, 242 A.3d 969, 978 (Pa. Cmwlth. 2020) (quoting *Diversified Health Associates, Inc. v. Zoning Hearing Board of Borough of Norristown*, 781 A.2d 244, 246-47 (Pa. Cmwlth. 2001)). "Whether an ordinance is exclusionary is a question of law over which our standard of review is *de novo*, and our scope of review is plenary." *In re Charlestown Outdoor, LLC*, 280 A.3d 948, 957 (Pa. 2022).

[7] In the Statement of Questions Presented, Billboard Company raises two issues: (1) whether the Zoning Ordinance excluded billboards at the time it filed its petition for curative amendment; and (2) whether Billboard Company is entitled to the site-specific relief identified in its curative amendment petition. Billboard Company Brief at 7. However, the trial court held, and thus answered the first question affirmatively, that the former Zoning Ordinance was *de facto* exclusionary with respect to billboard uses. Billboard Company does not challenge this holding; Billboard Company's arguments focus on the issue of relief.

13

specific relief. Because it took "the time and effort to file a validity challenge" and persuaded the trial court that the former Zoning Ordinance was exclusionary of billboards, Billboard Company contends that it is entitled to "definitive relief" so long as it complies with other regulations. Billboard Company Brief at 12.

In response, the Township Commissioners argue that Pennsylvania law does not require an award of site-specific relief merely because an ordinance is determined to be *de facto* exclusionary. Rather, the inquiry is whether "the ordinance can be 'saved' from unconstitutionality by severance of an offending provision[.]" Township Commissioners Brief at 13 (citing *H.R. Miller*, 605 A.2d at 325). Here, the amendment to the Zoning Ordinance, adopted in response to Billboard Company's curative amendment petition, reduced the setback from residential districts to 400 feet and required a new 250-foot buffer from residences. This severed the offending provision that excluded billboard uses. Billboard Company's site-specific relief went beyond what is necessary to cure the defect in the Zoning Ordinance by, *inter alia*, proposing to change the frequency of display changes.

The Township Commissioners ask this Court to review Hearing Exhibits A-2 and A-3. Such review will show that the new version of the Zoning Ordinance is no longer exclusionary. Hearing Exhibit A-2 showed that the 2,000-foot setback from residential zoning districts excluded billboard uses in commercial and industrial zoning districts, and Hearing Exhibit A-3 "plainly illustrates areas in the C-2 and C-2A Districts which would permit the erection of billboards, [] with a 1,000-foot distance restriction from residential zoning districts or dwellings.[]" Township Commissioners Brief at 14 (footnote omitted). The Township Commissioners contend that it can be inferred "there would be areas more than twice

14

that size using a 400-foot separation distance, as now required under Section 27-153." Township Commissioners Brief at 14. In any event, a governing body's interpretation of a zoning ordinance, "such as that of the [Township Commissioners] here that its substantial amendments to Sections 27-153 and 27[]-165 of its [Zoning] Ordinance cured any exclusionary effects[,]" is entitled to deference. Township Commissioners Brief at 15.

## Analysis

Zoning ordinances that exclude lawful uses of land are categorized as either *de jure* or *de facto* exclusionary. *MarkWest Liberty Midstream & Resources, LLC v. Cecil Township Zoning Hearing Board*, 102 A.3d 549, 571 (Pa. Cmwlth. 2014). "In a *de jure* exclusion case, the challenger alleges that an ordinance on its face totally excludes a use." *Id*. at 571-72 (quoting *Township of Exeter v. Zoning Hearing Board of Exeter Township*, 962 A.2d 653, 659 (Pa. 2009)). By contrast, in a *de facto* exclusion case, the "ordinance appears to permit a use, but under such conditions that the use cannot in fact be accomplished." *MarkWest*, 102 A.3d at 572 (quoting *Township of Exeter*, 962 A.2d at 659).

The MPC governs the procedures to be followed where a landowner files a substantive validity challenge to a zoning ordinance. It states that

> [a] landowner who desires to challenge on substantive grounds the validity of a zoning ordinance or map or any provision thereof, which prohibits or restricts the use or development of land in which he has an interest may submit a curative amendment to the governing body with a written request that his challenge and proposed amendment be heard and decided as provided in [S]ection 916.1 [of the MPC].

Section 609.1(a) of the MPC, 53 P.S. §10609.1(a). The landowner must include site-specific plans with the curative amendment petition. Section 916.1(c)(2) of the

15

MPC, 53 P.S. §10916.1(c)(2). The governing body of the municipality has exclusive jurisdiction to hear curative amendment petitions. Section 909.1(b)(4) of the MPC,[8] 53 P.S. §10909.1(b)(4).

Following public notice, the governing body must hold public hearings on the curative amendment petition. Section 609(c) of the MPC, 53 P.S. §10609(c). If the governing body determines that the curative amendment petition has merit, the governing body shall then consider the landowner's site-specific plans, the impact of the proposed amendment on the natural resources of the municipality, other land uses within the municipality, and the public resources of the municipality, including roads and sewer facilities. Section 609.1(c) of the MPC, 53 P.S. §10609.1(c). The governing body "may accept a landowner's curative amendment, with or without revision, *or may adopt an alternative amendment which will cure the challenged defects*." 53 P.S. §10609.1(c) (emphasis added). *See also Piper Group, Inc. v. Bedminster Township Board of Supervisors*, 30 A.3d 1083, 1097 (Pa. 2011) ("[W]hile the governing body must cure the defect, it need not provide *carte blanche* development rights."). In reversing a municipality's decision to deny a curative amendment, the court does not have to invalidate the entire zoning ordinance or map, but only the portion that specifically relates to the petition. 53 P.S. §10609.1(b).

## I. Elimination of Exclusionary Provision in Zoning Ordinance

The parties do not dispute that the evidence presented by Billboard Company showed that the requirement that billboards be located in a commercial or industrial zoning district *and* be placed a minimum of 2,000 feet from a residential zoning district excluded billboard uses in the Township. To address that defect, Billboard Company's curative amendment proposed, *inter alia*, a 250-foot setback

---

[8] Added by the Act of December 21, 1988, P.L. 1329.

from *residences* to replace the 2,000-foot setback from residential zoning districts and 200-foot setback from any building. Here, the Township Commissioners adopted an amendment that reduced the 2,000-foot setback from residential districts to 400 feet and added a new requirement that billboards be located at least 250 feet from residences in Section 27-153. The requirement in former Section 27-153 that billboards be located 200 feet from any building or structure was not revised. Billboard Company argues that there is no evidence that the amendment "will cure the challenged defects[,]" as required in Section 609.1(c) of the MPC, 53 P.S. §10609.1(c).

The trial court found that the amendments to Section 27-153 have "eliminated the *de facto* exclusion[]" in the Zoning Ordinance. Trial Court Op. at 10. However, the trial court did not explain how it made this finding. As the trial court's PA.R.A.P. 1925(a) opinion recognized, Engelhardt testified that the only distance he ran in terms of mapping out where a billboard could be placed in the Township was 2,000 feet. N.T., 8/24/2022, at 25-26; R.R. 67a-68a. He did not prepare an exhibit to show that the proposed 250-foot setback from residences "would open up some areas" for billboard uses in commercial and industrial districts. N.T., 8/24/2022, at 30-31; R.R. 72a-73a. Counsel for Billboard Company argued that its "duty here is to demonstrate that the ordinance excludes advertising signs or billboards," and, "[a]bsent that, we go no further." N.T., 8/24/2022, at 31; R.R. 73a.

By adopting an alternative amendment to the Zoning Ordinance, the Township Commissioners denied Billboard Company's curative amendment petition. Section 916.1(f) of the MPC, 53 P.S. §10916.1(f). However, the Township Commissioners did not make factual findings or credibility determinations on its

17

deemed denial. Likewise, the hearing transcript does not provide an explanation for the Township Commissioners' decision.

During that hearing, the Township Commissioners first voted to adopt Billboard Company's proposed rule that advertising signs and billboards be located at least 250 feet from residences. The Township Commissioners then proceeded to consider Billboard Company's proposal to eliminate the 2,000-foot setback from residential districts in former Section 27-153. The Township solicitor stated that the testimony offered at the prior hearing was that the 2,000-foot setback from any residential district "creates large areas where you can't put a billboard." N.T., 12/1/2022, at 111; R.R. 180a. Commissioner Ginder then made a motion that the Commissioners "change that to a thousand feet." N.T., 12/1/2022, at 111; R.R. 180a. Commissioner Warren responded that it would be "excessive." N.T., 12/1/2022, at 111; R.R. 180a. After the Township solicitor stated that "[b]ear in mind that right now you just adopted a provision that it's 250 feet from a house[,]" Commissioner Ginder stated that he was "going to ask to pull that motion back and change that number to 400 feet." N.T., 12/1/2022, at 112; R.R. 181a. The Township Commissioners then voted and passed the motion. The Township Commissioners also voted to amend Section 27-165 and added, *inter alia*, the same setback requirements as in Section 27-153: 400-foot setback from any residential zoning district and 250-foot setback from any residence. The discussion among the Township Commissioners at the hearing was "held off the record." N.T., 12/1/2022, at 105; R.R. 174a.

The MPC provides that where the governing body's decision does not include findings of fact, the trial court "shall make its own findings of fact based on the record below as supplemented by the additional evidence, if any." 53 P.S.

18

§11005-A.[9] Here, the trial court did not take additional evidence. In its PA. R.A.P. 1925(a) Opinion, the trial court acknowledged that it "grappled with the fact that neither party presented maps or plans implementing [Billboard Company's] proposed amendment or the [Township Commissioners'] amendment (after eliminating the 2,000-foot restriction)." Trial Court PA. R.A.P. 1925(a) Opinion at 11. Nevertheless, the trial court found that the amendments to the Zoning Ordinance "eliminated the specific defect at issue[.]" *Id.* The trial court did not explain how it made this finding "based on the record below[.]" Section 1005-A of the MPC, 53 P.S. §11005-A.

The Township Commissioners point to Billboard Company's Hearing Exhibit A-3 that showed two areas in the C-2 and C-2A Districts where LED and electronic display signs could be placed under former Section 27-165. The Township Commissioners contend that, as such, "there would be areas more than twice that size using a 400-foot separation distance, as now required under Section 27-153." Township Commissioners Brief at 14. This is speculative. The two areas

---

[9] Section 1005-A of the MPC, added by the Act of December 21, 1988, P.L. 1329. It states:

> If, upon motion, it is shown that proper consideration of the land use appeal requires the presentation of additional evidence, a judge of the court may hold a hearing to receive additional evidence, may remand the case to the body, agency or officer whose decision or order has been brought up for review, or may refer the case to a referee to receive additional evidence, *provided that appeals brought before the court pursuant to section 916.1 shall not be remanded for further hearings before any body, agency or officer of the municipality*. If the record below includes findings of fact made by the governing body, board or agency whose decision or action is brought up for review and the court does not take additional evidence or appoint a referee to take additional evidence, the findings of the governing body, board or agency shall not be disturbed by the court if supported by substantial evidence. *If the record does not include findings of fact or if additional evidence is taken by the court or by a referee, the court shall make its own findings of fact based on the record below as supplemented by the additional evidence, if any.*

53 P.S. §11005-A (emphasis added).

19

identified in Hearing Exhibit A-3 consisted of "a section of the Lehigh Valley Mall" and "a portion of the Whitehall Shopping Center with a Giant and a Dick's." N.T., 8/24/2022, at 23; R.R. 65a. *See also* R.R. 204a. It is unclear that the land opened up by the Township Commissioners' amendment is anywhere near a public road or, stated otherwise, whether the reduced 400-foot setback from residential zoning districts, together with the new requirement that billboards be located at least 250 feet from residences (or 200 feet from other buildings or structures), will truly make outdoor advertising possible. We decline the Township Commissioners' invitation to engage in our own fact finding. *See, e.g.*, *Commonwealth v. Grant,* 813 A.2d 726, 734 (Pa. 2022) (quoting *Commonwealth v. Pierce*, 645 A.2d 189, 198 (Pa. 1994)) ("[A]ppellate courts do not act as fact finders, since to do so would require an assessment of the credibility of the testimony and that is clearly not our function."); *The Ainjar Trust v. Department of Environmental Protection*, 806 A.2d 482, 490 (Pa. Cmwlth. 2002) (the Commonwealth Court is not a fact-finding tribunal when reviewing appeals).

Alternatively, the Township Commissioners contend that their "interpretation" that their "substantial amendments to Sections 27-153 and 27[]-165 of [the] [Zoning] Ordinance cured any exclusionary effects" is entitled to substantial deference. Township Commissioners Brief at 15. However, nowhere in the record can this "interpretation" be found. This makes *Montgomery Crossing Associates v. Township of Lower Gwynedd,* 758 A.2d 285 (Pa. Cmwlth. 2000), distinguishable. In that case, the board of supervisors rejected the developer's claim that the zoning ordinance was exclusionary. The trial court reversed, finding that the ordinance excluded several specific commercial uses and mobile home parks. On appeal, this Court reversed the trial court for the stated reason that the trial court ignored the fact

20

that the zoning ordinance was not exclusionary when its terms were construed in accordance with that of the board of supervisors. Here, whether the amendments adopted by the Township Commissioners have resolved the exclusionary effect of the former Zoning Ordinance is a question of fact, not one of interpretation of the terms in the ordinance.

In sum, we hold that the trial court erred and abused its discretion in holding that the new 400-foot setback from residential districts and a 250-foot setback from residences in Section 27-153 have cured the *de facto* exclusion of billboard uses in the Township. Accordingly, we reverse the trial court's affirmance of the Township Commissioners' deemed denial of Billboard Company's curative amendment petition with respect to the setback requirements in Sections 27-153 and 27-165 and remand the matter for factual findings on whether the Township Commissioners' amendment has cured the unconstitutional defect. Those findings shall be "based on the record below as supplemented by the additional evidence, if any." Section 1005-A of the MPC, 53 P.S. §11005-A.

## II. Site-Specific Relief

Billboard Company argues, next, that the trial court erred in holding that it was not entitled to an approval of its sign permit application by way of site-specific relief. Billboard Company's curative amendment petition identified the location, dimensions, and operational characteristics of the proposed billboard, which follow state and federal regulations and, thus, cannot be detrimental to the public health, safety, or welfare. Billboard Company took "the time and effort to file a validity challenge" to the Zoning Ordinance and, thus, is entitled to "definitive relief" so long as it complies with other regulations. Billboard Company Brief at 12.

21

*H.R. Miller*, 605 A.2d 321, is instructive. In that case, the township supervisors dismissed the quarry company's petition that the zoning ordinance was *de facto* exclusive of quarrying and, thus, the quarry company was not entitled to site-specific relief that would allow the expansion of quarrying operations on land zoned residential. The trial court reversed, finding the ordinance operated as a *de facto* exclusion of quarries. The trial court did not grant the quarry company its site-specific relief but, rather, limited its remedy to a declaration that certain setback requirements contained in the ordinance be stricken. The Supreme Court affirmed. It held that "if the ordinance minus the severed offending provision passes muster as a reasonable exercise of the police power, there is no cause to grant further relief, site-specific or otherwise; the ordinance is no longer *de facto* exclusionary.[]" *Id*. at 325 (footnote omitted). With the offending setback provision severed, the zoning ordinance permitted quarrying in the industrial districts. *Id*. To expand its quarrying operation, the quarry company had to purchase land in the industrial district.

In *Piper Group*, 30 A.3d 1083, our Supreme Court further elaborated on the proper remedy upon a landowner's showing that an ordinance is *de facto* exclusionary of a legitimate use. It explained as follows:

> [B]oth *Casey*[ *v. Zoning Hearing Board of Warwick Township*, 328 A.2d 464 (Pa. 1974),] and *Fernley*[ *v. Board of Supervisors*, 502 A.2d 585 (Pa. 1985),] involved total, *de jure*, bars on permitted activity (multifamily housing). "Since the illegality lies in the total exclusion of a legitimate use, the sole remedy is to allow the use somewhere in the municipality, and equity dictates that this opportunity falls to the successful litigant/landowner." [*H.R. Miller*, 605 A.2d at 324-25] . . . "[T]he municipality could not be permitted to modify or amend its ordinance in such a way that the defect was cured but the landowner who had raised the challenge obtained no relief." *Id*. at 324.

In contrast, we held in *H.R. Miller* that where the ban is *de facto*, it may be possible to amend effectively the ordinance and permit the use by striking an unlawful exclusion (the 500-foot setback) without invalidating the ordinance as a whole. *Id*. at 325. *We further explained that in such a situation, the landowner is not necessarily entitled to a windfall in the form of site-specific relief simply because he identified a curable defect in the ordinance*[.]

. . . .

*H.R. Miller* teaches that courts should pay close attention to the nature of the constitutional defect when addressing the related issue of relief. In *Casey* and *Fernley*, the nature of the defect was a categorical failure to provide for multifamily housing anywhere in the municipality. The proper remedy was to provide for multifamily housing in a portion of the township and specifically on the challenger's property. In *H.R. Miller*, the nature of the defect was more subtle: namely, a 500-foot setback that effectively precluded a legitimate industrial operation in industrial zones. *The proper remedy was to cure the specific defect by eliminating the setback on industrial zones, by severing the offending portions of the ordinance, but not to grant a windfall by specifically permitting industrial operations on the challenger's residential lands.*

*Piper Group*, 30 A.3d at 1096 (emphasis added).

As in *H.R. Miller*, here, should the trial court determine, on remand, that the amended Zoning Ordinance still effects an unconstitutional *de facto* exclusion of billboard uses, the trial court may strike the offending provision from Section 27-153.[10] With the offending setback requirements stricken, the Zoning

---

[10] Such a remedy would be proper and is consistent with Section 609.1(b), which states:

(b) The hearing shall be conducted in accordance with section 908 and all references therein to the zoning hearing board shall, for purposes of this section be references to the governing body: provided, however, That the provisions of section 908(1.2) and (9) shall not apply and the provisions of section 916.1 shall control. *If a municipality does not accept a landowner's curative amendment brought in accordance with this subsection and a court subsequently rules that the challenge has merit, the court's decision shall not result in a declaration of invalidity for the*

23

Ordinance may allow Billboard Company to place the billboard on the Property, which is approximately 100 feet from the R-3 Low-Medium Density Residential Zoning District.

However, Billboard Company also proposed to eliminate billboard uses in industrial zoning districts under former Section 27-153; to change "the frequency of display changes" for LED and electronic display signs in former Section 27-165 from "four per hour/every 15 minutes" to "8 seconds;" and to eliminate the exemption under subsection G of former Section 27-165 for illuminated signs for time, temperature, date, or other public service information. R.R. 9a; S.R.R. 24a. These proposals went beyond what is necessary to cure the exclusion created by the setback and location requirements. "[W]hile the governing body must cure the defect, it need not provide *carte blanche* development rights." *Piper Group Inc.*, 30 A.3d at 1097. We hold that the trial court did not err in affirming the Township Commissioners' deemed denial of Billboard Company's site-specific relief.

**Conclusion**

The trial court properly held that the requirements in former Section 27-153 of the Zoning Ordinance that billboards be located in a commercial or industrial zoning district *and* be located a minimum of 2,000 feet from a residential zoning district resulted in a *de facto* exclusion of billboards in the Township. The trial court's finding that amendments adopted by the Township Commissioners cured the *de facto* exclusion is not supported by well-founded factual findings. Accordingly, we reverse the trial court's order insofar as it affirmed the Township Commissioners' denial of Billboard Company's curative amendment petition with

---

*entire zoning ordinance and map, but only for those provisions which specifically relate to the landowner's curative amendment and challenge.*

53 P.S. §10609.1(b) (emphasis added).

24

respect to the setback requirements in former Section 27-153 of the Zoning Ordinance. We remand the matter to the trial court to make findings based on the record below and supplemented by additional evidence, if necessary.

With respect to other aspects of the site-specific relief included in the curative amendment petition, such as elimination of billboard uses in industrial districts and a reduction of frequency of display changes for LED and electronic display signs, the trial court properly found that these amendments went beyond the relief necessary for curing the exclusionary defects. As such, we affirm this part of the trial court's order.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adams Outdoor Advertising,    :
        Appellant  :
            :
     v.       :   No. 1328 C.D. 2023
            :
Whitehall Township, Whitehall  :
Township Board of Commissioners :

# **O R D E R**

AND NOW, this 29th day of October, 2024, the order of the Court of Common Pleas of Lehigh County, dated October 5, 2023, in the above-captioned matter, is AFFIRMED in part and REVERSED in part.  The matter is REMANDED to the Court of Common Pleas of Lehigh County for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge Emerita